# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11CV176-MR
# (CRIMINAL CASE NO. 1:06CR38)

| | |
|---|---|
| **ALVIN GREGORY LYTLE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and Petitioner's Motion to Amend his Section 2255 motion [Doc. 3].

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court must examine the motion and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" the Court must dismiss the motion and direct the Clerk to notify the Petitioner. The Court has conducted its initial review and concludes that no response is necessary from the Government.

I.  **BACKGROUND**

On April 4, 2006, Petitioner was charged in a one-count Bill of Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count One"). [Case No. 1:06cr38, Doc. 1]. On October 28, 2009, Petitioner was arraigned and entered a plea of not guilty. [Id.; Minute Entry: Arraignment]. On December 16, 2009, Petitioner's counsel filed a Notice of Intent to Change Plea and Request for Rule 11 Hearing. Petitioner informed the Court that he intended to withdraw his plea of not guilty and enter a plea of guilty to Count One of the Indictment without benefit of a plea agreement. [Doc. 11]. On December 23, 2009, Petitioner appeared with counsel before United States Magistrate Judge Dennis L. Howell for his Rule 11 hearing. Petitioner was placed under oath and the Court engaged Petitioner in the standard colloquy as required by Rule 11. See Fed. R. Crim. P. 11(b).

Petitioner stated that he completed the 8th grade in school and that he could read and write. The Court read aloud in its entirety the Count with which Petitioner was charged and Petitioner acknowledged that he understood the elements of the charge and that the Government had the obligation to prove each element of Count One beyond a reasonable doubt

should Petitioner elect to go to trial. [Id.; Doc. 12: Rule 11 Inquiry and Order of Acceptance of Unwritten Plea at 3-4]. The Court informed Petitioner of the maximum and minimum penalties he faced if convicted of Count One and Petitioner confirmed that he understood these possible penalties. [Id. at 4]. Petitioner stated that he had discussed the United States Sentencing Guidelines with his counsel and how those Guidelines may apply to his case. The Court explained that the sentence ultimately imposed would be within the statutory limits and in the Court's discretion and could, in fact, be greater or less than a sentence as provided for in the Guidelines. [Id. at 5]. After explaining that Petitioner would be bound by his guilty plea, the Court inquired whether Petitioner was in fact guilty of Count One and Petitioner admitted that he was guilty. [Id. at 7]. Petitioner confirmed that his plea of guilty was entered voluntarily and knowingly and that he understood the rights he was waiving by entering a plea of guilty. [Id. at 7-8]. Petitioner acknowledged that he was pleading guilty without benefit of a plea agreement with the Government and that he was satisfied with the services of his attorney. [Id. at 8]. The Court inquired whether Petitioner had any questions about anything that had been discussed in his Rule 11 hearing and Petitioner replied that he did not. Finally, Petitioner requested that the Court accept his guilty plea.

3

After Petitioner signed the Rule 11 Inquiry and Order, the Court accepted Petitioner's plea of guilty. [Id. at 8-9].

On September 24, 2010, Petitioner appeared with counsel before the undersigned for his sentencing hearing. The Court addressed Petitioner and inquired about his Rule 11 hearing. Petitioner confirmed that he appeared at the Rule 11 hearing and was placed under oath. Petitioner stated that he signed the Rule 11 Inquiry and Order of Acceptance of Guilty Plea and that he would answer the questions that had been posed to him by the Magistrate Judge in the same way if the Court posed those questions during his sentencing hearing. Petitioner acknowledged that he pled guilty to Count One of the Indictment because he was in fact guilty of that charge. After this exchange, the Court was satisfied that Petitioner's decision to enter his guilty plea was knowing and voluntary and made with complete understanding of the charge pending against him and the maximum possible penalties he faced upon conviction, and the Court therefore accepted Petitioner's plea of guilty. Petitioner stipulated through counsel that the Court could rely on the presentence investigation report ("PSR") to establish the factual basis for his plea of guilty to Count One. [Id.; Doc. 15: PSR].

Petitioner confirmed that he had read the PSR and reviewed its contents with his counsel. Counsel for Petitioner filed two objections to the PSR. In his first objection, Petitioner argued against the application of a two-level enhancement for obstruction of justice and the proposed denial of the three-level reduction for acceptance of responsibility. [Id., Doc. 14 at ¶¶ 17, 20]. In his second objection, filed the day of the sentencing hearing, Petitioner argued that a prior state court drug conviction could not be used to enhance his sentence because the conviction did not subject him to more than one year in prison. Citing recent decisions of the United States Supreme Court, Petitioner reasoned that formerly controlling law from the Fourth Circuit had been effectively overturned.[1] As a consequence, Petitioner's counsel argued that Petitioner should be subject to a lesser base offense level. [Doc. 17 at 3-4].

---

[1] Specifically, Petitioner cited Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010); Johnson v. United States, __ U.S. __, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010); and United States v. Rodriguez, 553 U.S. 377, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008) in arguing that United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and United States v. Jones, 195 F.3d 205 (4th Cir. 1999) were no longer good law. In Harp and Jones, the Fourth Circuit had held that when considering a statutory enhancement based on a conviction of a North Carolina state crime, the court should consider the criminal record of the worst possible offender. The Fourth Circuit has since overruled both Harp and Jones in an en banc decision. United States v. Simmons, 649 F.3d 237(4th Cir. 2011). In Simmons, the Court ruled that the sentencing court now must examine the criminal record of the individual being sentenced and determine whether he or she committed a crime which subjected the individual defendant to more than one year in prison.

During the sentencing hearing, Petitioner's counsel informed the Court that Petitioner had made the decision to withdraw both of his objections to the PSR. Petitioner's counsel explained that there were also State charges pending against Petitioner for being an habitual felon and for being a felon in possession of a firearm, and that Petitioner had decided that it was in his best interest to not contest the imposition of the maximum sentence in the federal case in return for the opportunity to have these State charges dismissed. Petitioner's counsel noted that the PSR indicated that the Buncombe County District Attorney, Ron Moore, would dismiss the State charges if Petitioner received the maximum sentence of 120 months' imprisonment for conviction on Count One of the Indictment. [Id., Doc. 15 at ¶ 63]. Petitioner's counsel stated that Petitioner had decided to withdraw his objections to the PSR even though the objections, if sustained, could have resulted in a lesser sentence, because as he explained to his counsel, Petitioner did not want the State charges "hanging over his head." Petitioner's counsel informed the Court that Petitioner's decision to withdraw his objections was against her advice, but that she believed that Petitioner was making a voluntary, knowing and intelligent decision.

The Court asked Petitioner if he understood that by withdrawing his objections he could potentially jeopardize the possibility of receiving a lesser sentence. Petitioner admitted that he understood this and moreover, that he was knowingly and voluntarily withdrawing his objections and that he understood the possible consequences. The Court allowed Petitioner's motion to withdraw his objections after concluding that his decision to do so was knowingly and voluntarily made with full understanding of the uncertain, but possible consequences. With the objections withdrawn, there were no other challenges pending against the PSR and the Court accepted the PSR as written.

Petitioner stipulated through counsel that his total offense level was 30, that his criminal history was a Category VI, that the statutory maximum he could face was 120 months' imprisonment, and that pursuant to section 5G1.1 of the sentencing guidelines that a sentence if 120 months would be a guideline sentence. Petitioner addressed the Court prior to the pronouncement of his sentence. Petitioner stated he did not wish for the Court to show him any mercy in passing sentence, but that he would like for the Court to consider that he came from a good family and that he was a changed man. The Court then pronounced Petitioner's sentence. The Court

7

considered the statutory factors set forth in 18 U.S.C. § 3553(a) and concluded that a sentence within the Guideline range was warranted because of the seriousness of the offense charged in Count One, and that a Guideline sentence would serve as a deterrent to Petitioner and others who may contemplate similar conduct and would promote respect for the law.  After conducting this analysis, the Court concluded that a sentence of 120 months was the appropriate sentence in Petitioner's case.  The Court informed Petitioner that he had the right to appeal his sentence to the Fourth Circuit Court of Appeals on any grounds which had not been waived by Petitioner and the Court explained the process of filing an appeal.  The Court explained to Petitioner that if he chose to appeal but did not have the funds with which to appeal, he could appeal at the Government's expense.  Petitioner stated that he understood these rights as they related to his right and ability to appeal.

On October 18, 2010, Judgment was entered in Petitioner's case. [Doc. 19].  Petitioner did not file an appeal from his conviction or sentence.  Instead, Petitioner filed the present Section 2255 motion raising several challenges to both his conviction and the sentence imposed.  [Doc. 1].  Petitioner explains in this motion that he did not appeal his conviction and sentence because he

"needed legal assistance and funds to proceed in tr[y]ing to file for relief." [Id. at 4-5 ¶ 11(d)]. In his motion, Petitioner raises four claims for relief: (1) that the Court abused its discretion for failing to give him a lesser sentence; (2) that the Court erred in sentencing him to 120 months' imprisonment because the sentence was entered "without cause"; (3) that the Court imposed an illegal sentence because Petitioner did not meet the requirements for "a max sentence"; and (4) that Petitioner's Rule 11 hearing was fatally flawed because the Court did not inform him that he could plead not guilty and demand a trial.

## II. DISCUSSION

### A. Motion to Amend

In his motion to amend, Petitioner seeks to raise another issue related to his sentencing, namely, that the Court failed to consider the § 3553 factors when tailoring his sentence. [Doc. 3 at 2]. Petitioner further argues that the Court erred in failing to reduce his sentence based on his acceptance of responsibility. [Id.].

Rule 15(c)(1)(B) of the Federal Rules of Civil procedure provides that an amendment relates back to claims which are pled in the original petition if the amendment "arose out of the conduct, transaction, or occurrence set out" in

the original petition. The Court has examined the petition filed July 15, 2011, and the motion to amend and concludes that the sentencing issue raised in the motion to amend is sufficiently related to Petitioner's original claims for relief and therefore the issue properly relates back. Accordingly, the Petitioner's motion to amend is granted.

## B. Motion to Vacate

Before reaching the merits of the Petitioner's claims, the Court first must address whether Petitioner can challenge his conviction and sentence through the present motion to vacate when he did not file a direct appeal from his conviction or sentence. For the reasons set forth below, the Court concludes that Petitioner has procedurally defaulted the claims he has raised in his amended motion to vacate.

"So far as convictions obtained in federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal." Reed v. Farley, 512 U.S. 339, 353, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (quoting Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947)) (emphasis omitted); see also Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an

appeal."). Federal "habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with rudimentary demands of fair procedure.'" Reed, 512 U.S. at 348, 114 S.Ct. 2291 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). When a petitioner, as here, fails to pursue a timely direct appeal, "the writ [of habeas corpus] is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged . . . violation." Id. (quoting Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).[2]

Cause means some impediment to Petitioner's ability to have raised his claims for relief on appeal. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). "The existence of cause for procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (internal citation omitted). Petitioner does not even assert that such conditions are present in this case.

---

[2] A petitioner also may make a claim of actual innocence. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Petitioner, however, fails to present anything to this Court indicating that he might be actually innocent. On the contrary, Petitioner acknowledged at his Rule 11 hearing and his sentencing hearing that he was, in fact, guilty. Therefore this exception cannot excuse his procedural default.

11

As cause for his failure to file a direct appeal, Petitioner argues that he "needed legal assistance and funds to proceed in tr[y]ing to file for relief." [Doc. 1 at 4-5 at ¶ 11(d)]. This statement, however, is directly contradicted by Petitioner's acknowledgments to this Court at the close of his sentencing hearing. As previously noted, the Court explained to Petitioner that he had the right to appeal his case, and the Court clearly informed Petitioner that having already been declared indigent that he could appeal a government expense. When asked if Petitioner understood his rights regarding an appeal, Petitioner confirmed that he did in fact understand those rights. The Court concludes that Petitioner has not presented sufficient cause to excuse his failure to raise the issues on appeal which he now raises in his motion to vacate. Because the Court concludes that Petitioner cannot meet his burden of showing a proper cause for his failure to file an appeal, there is no need to consider whether Petitioner has suffered "actual prejudice."

The Court has previously found that Petitioner entered a knowing, voluntary and intelligent plea of guilty to Count One of the Indictment. From his sentencing hearing, it is clear that Petitioner carefully weighed his options when considering whether to withdraw his objections to the PSR in an admitted effort to secure the maximum federal sentence and thereby ensure

that the pending State charges would be dismissed. In fact, Petitioner explained to his counsel that he needed a sentence of 120 months, the sentence of which he now complains, in order to receive the dismissal of the State charges. Petitioner's decision to forego his right to appeal was his own.

Finally, it must be noted that the Petitioner's total offense level and criminal history category would have dictated a Guideline sentence of 168 to 210 months, except that the statutory maximum for his offense was 120 months. Hence, pursuant to U.S.S.G. § 5G1.1, the Guideline sentence was one of 120 months -- a sentence which the Petitioner received. Petitioner did not move for a downward departure or variance and presented nothing to the Court to warrant one.

## III. CONCLUSION

The Court finds that Petitioner has procedurally defaulted the claims raised in the present motion to vacate, as amended. Failure to file a direct appeal regarding these issues precludes Petitioner from bringing these claims under Section 2255 and the Court will therefore deny and dismiss his Section 2255 motion, as amended.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made

a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Amend [Doc. 3] is **ALLOWED**.

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion, as amended, is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk of Court is directed to send a copy of this Order to Petitioner.

**IT IS SO ORDERED.**

Signed: May 22, 2012

*[Signature]*
Martin Reidinger
United States District Judge